# **<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
: Chapter 7
In re: :
: Case No.: 14-41264 (CEC)
JOHN DINASO & SONS, INC. :
:
               Debtor. :
---------------------------------------------------------------- X
GREGORY MESSER, AS CHAPTER 7 :
TRUSTEE OF THE ESTATE OF JOHN
DINASO & SONS INC.,

                        Plaintiff :
         -against- :

AMERICAN EXPRESS COMPANY, INC. :    Adv. Pro. No 15-1018 (CEC)

                        Defendant :
---------------------------------------------------------------- X

### ORDER PURSUANT TO APPROVING SETTLEMENT AGREEMENT WITH AMERICAN EXPRESS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

Greg Messer, as Chapter 7 Trustee (the "Trustee") of the estate of John DiNaso & Son, Inc., (the "Debtor"), by his attorneys, Robinson Brog Leinwand Greene Genovese & Gluck P.C. pursuant to a motion dated September 10, 2015 (the "Motion"), seeking entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Settlement Agreement and General Release (the "Settlement Agreement") by, between and among the Trustee and American Express Company; and proof of due service of the Motion having been filed with the Court; and no objections having been interposed; and it appearing that approving the Motion is in the best interests of the Debtor and its estate, after due

deliberation and consideration of the facts and circumstances pertaining to this matter; and good and sufficient cause appearing therefore,

**NOW**, on motion of Robinson Brog Leinwand Greene Genovese & Gluck P.C., counsel for the Trustee, it is hereby

**ORDERED,** that the Motion is granted and the Settlement Agreement in the form annexed hereto as Exhibit "1", is approved in all respects; and it is further

**ORDERED**, that this Court shall retain jurisdiction regarding the construction and enforcement of the terms of the Settlement Agreement as well as any controversies and disputes that may arise thereunder.

# Exhibit 1

*In re John DiNaso & Sons Inc. (the "Debtor")*
*Chapter 7 – Case No. 14-41264*
*United States Bankruptcy Court for the Eastern District of New York*

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

### I.
### PARTIES

This SETTLEMENT AGREEMENT AND GENERAL RELEASE ("**Agreement**") is entered into as of July __, 2015, between Greg Messer as Chapter 7 Trustee of the Estate of John DiNaso & Sons Inc. (the "**Trustee**") and American Express Company (sued herein as American Express Company, Inc.) ("**AMEX**"). Collectively, the Trustee and Amex are referred to herein as the "Parties".

### II.
### RECITALS

A.  On March 19, 2014, John DiNaso & Sons (the "Debtor") filed a petition under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). On May 30, 2014, the Court entered an order converting the Debtor's case to a case under chapter 7 of the Bankruptcy Code.

B.  On May 30, 2014, the Office of the United States Trustee filed a Notice of Appointment appointing Gregory Messer as the interim chapter 7 trustee. Mr. Messer has since become the permanent trustee by operation of law.

C.  On February 24, 2015, the Trustee filed an adversary complaint against AMEX seeking to recover transfers that the Trustee alleged were avoidable under 11 U.S.C. § 547 as preferential transfers. The Trustee sought to avoid and recover transfers totaling $400,072.00.

D.  On March 30, 2015, AMEX filed an answer to the complaint denying the essential allegations of the Complaint and raising several affirmative defenses including that the named defendant did not received the alleged preferential transfers and that such transfers were unavoidable because AMEX or one of its affiliates had advanced subsequent new value to the estates.

E.  On March 27, 2015 and on June 12, 2015, the Court entered orders providing for a Joint Discovery Plan relative to the adversary proceeding under Bankruptcy Rule 7026(f).

F.  Pursuant to the Joint Discovery Plan the Trustee and AMEX have exchanged information in informal discovery in an effort to resolve the Trustee's claims and AMEX's defenses.

{00745051.DOCX;1}

1

G.  The Parties have reached agreement on the resolution, compromise and settlement of all issues, claims and rights, known or unknown, that exist or could exist or that were asserted or could be asserted by or between the Trustee and AMEX (collectively, the "**Disputes**"). This Settlement Agreement and General Release (the "**Agreement**") is the definitive settlement agreement embodying all terms of the settlements the Parties have reached, and by which the Parties themselves and the Trustee shall be bound once this Agreement is approved by the Bankruptcy Court having jurisdiction of and overseeing the Debtors' Chapter 7 case.

**NOW THEREFORE**, in consideration of the foregoing recitals, each of which are true and which are incorporated into and made an integral part of this Agreement and for other good and sufficient consideration, the Parties agree as follows:

### III.
### AGREEMENT

1.01  **Representations by AMEX.** AMEX hereby represents to the Trustee that it has full corporate authority and power to enter into and perform the obligations set forth in this Agreement. AMEX also represents that the undersigned has the full authority of AMEX to execute this Agreement on its behalf.

1.02  **Payment to the Trustee.** Upon execution of this Agreement, Amex shall pay the sum of $55,000 (the "Settlement Sum") by check made payable to "Gregory Messer as Chapter 7 Trustee ("Messer")," the Trustee, in full and complete settlement of all claims asserted in the Trustee's adversary proceeding. The Settlement Sum shall be delivered to Fred B. Ringel, Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, 9th Floor, New York, NY 10022-0123, within thirty (30) days of AMEX's counsel's receipt of the fully-executed Agreement and a W-9 issued in the payee's name. Messer shall hold this sum in escrow pending entry of an order by the Bankruptcy Court approving of this settlement (the "**Settlement Approval Order**"). Messer shall have no obligation to file a motion seeking the Settlement Approval Order until after it has received the Settlement Sum. On the Effective Date (as defined below), the funds shall be remitted to the Trustee. In the event the settlement is not approved, Messer shall return the settlement payment to AMEX's counsel within five (5) business days of entry of an order denying approval of the settlement. In the event this Agreement is not approved by the Court, the terms of this Agreement shall not constitute an admission by either of the Parties, and the Parties' rights with respect to the adversary proceeding shall not be prejudiced thereby. Amex will be allowed to file a general unsecured claim pursuant to section 502(h) of the Bankruptcy Code within 30 days of approval of this settlement, in the amount of the Settlement Sum.

1.03  **General Releases.** On the Effective Date, the Trustee and AMEX shall be deemed to have mutually released each other and discharge and give up any and all claims and rights which the Trustee and AMEX may have against the other and each of their respective affiliates, including, for AMEX, American Express Bank, FSB, American Express Centurion Bank, and American Express Travel Related Services Company, Inc., and each of their subsidiaries, stockholders, stakeholders, members, limited and general partners, managers, directors, officers, agents, accountants, attorneys and each of their successors and assigns and

forever discharge each other from all legal liability matters, claims, demands, debts, dues, sums of money, bonds, bills, specialties, actions, causes of action, suits, contracts, covenants, agreements, controversies, obligations, promises, variances, reckonings, accounts, defenses and liabilities of any kind or character whatsoever, known or unknown, suspected or unsuspected, in contract or in tort, at law or in equity, which either party ever had, now or hereafter can, shall or may have against the other, jointly or severally, for, upon or by reason of any matter, cause, or thing whatsoever which related in whole or in part, directly or indirectly, from the beginning of time to the Effective Date relating to the Debtor; provided, however, this release by AMEX does not extend to any charges on credit or charge cards issued to releasees other than the Debtor, and nothing herein constitutes a waiver of proofs of claim previously filed by American Express Bank, FSB in the Bankruptcy Case of John DiNaso & Sons Inc. or of the section 502(h) claim.

**1.04    Amended Joint Discovery Plan.** Pending the Bankruptcy Court's consideration of the proposed Settlement, the Parties agree that they shall execute and submit a consent order extending the deadlines in the Order entered by the Bankruptcy Court on June 12, 2015 approving an Amended Joint Discovery Plan to extend the deadlines set forth in that order for an additional ninety (90) days to accommodate the time needed to apply for an obtain the Settlement Approval Order.

## Miscellaneous

**2.01    Effective Date .** This Agreement shall be effective on the Date when the Settlement Approval Order shall have been entered and has become final and no longer be subject to appeal.

**2.02    Successors; Assigns.** After the Effective Date, this Agreement shall be binding on each of the Parties and any successor to the Parties and on the Debtors' estate.

**2.03    Governing Law.** This Agreement shall be governed by the laws of the State of New York and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws, principles or any other rule or regulation that would result in the application of any other state's law.

**2.04    Costs of Enforcement.** In the event that legal action is instituted between the Parties to enforce this Agreement, the prevailing party shall be entitled to recover from the losing party all costs and expenses of litigation, including, without limitation, court costs and reasonable attorneys' fees.

**2.05    Entire Agreement.** The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are superseded and supplanted by this Agreement.

**2.06    Severability.** Should any provision of this Agreement be held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portion of the Agreement shall be held valid unless the provision that has been declared illegal,

invalid or unenforceable is so material that its deletion would violate the obvious purpose and intent of the Parties.

**2.07  Amendments.** The Parties agree that this Agreement may not be varied in its terms by an oral agreement or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties.

**2.08  Waiver.** The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

**2.09  Counterparts.** This Agreement may be executed in one or more counterparts, any one of which need not contain the signatures of more than one Party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile or other electronically transmitted signatures shall be deemed to have the full force and effect of original ink signatures.

**2.10  Retained Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. Any motion or application brought before the Bankruptcy Court to resolve a dispute arising from or related to this Agreement shall be brought on proper notice in accordance with relevant Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of New York.

**2.11  Fully Informed.** Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement with attorneys of its own choice as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

**2.12  WAIVER OF JURY TRIAL.** EACH PARTY HERETO HEREBY WAIVES TRIAL BY JURY IN ANY JUDICIAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER (WHETHER SOUNDING IN TORT, CONTRACT OR OTHERWISE) IN ANY WAY ARISING OUT OF, RELATED TO, OR CONNECTED WITH THIS AGREEMENT OR THE RELATIONSHIP ESTABLISHED HEREUNDER AND THEREUNDER.

**2.13  Notices.** Any notices required to be given under this agreement shall be given by overnight delivery and by email at the addressed set forth in this section and shall be deemed give one day after being deposited with an overnight delivery service, postage pre-paid:

If to Amex:

Darryl S Laddin
Arnall Golden Gregory LLP
171 17th Street
Suite 2100

Atlanta, GA 30363
Email: darryl.laddin@agg.com

If to the Trustee:

Fred B, Ringel, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue, 9th Floor
New York, New York 10022
Email: fbr@robinsonbrog.com

**In witness whereof, the Parties hereto have executed this Agreement intending to pursue and support approval of the Agreement by the Bankruptcy Court and upon approval to be legally bound hereby.**

Dated : August __, 2015

_____
Gregory Messer as Chapter 7 Trustee of the Estate of John DiNaso & Sons Inc.
c/o Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue, 9th Floor
New York, New York 10022

Dated: August 13th, 2015

American Express Company

By: _____
Name: Michelle T. Viscedo
Title: Senior Counsel